United States District Court
Southern District of Texas
**ENTERED**
January 12, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN JEROME JONES, (TDCJ–CID #1169005) Plaintiff, | § § § § § | CIVIL ACTION NO 4:22-cv-04519 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| BOBBY LUMPKIN, *et al*, Defendants. | § § § | |

## MEMORANDUM ON DISMISSAL

The complaint by Plaintiff Kevin Jerome Jones is dismissed as barred by the three-strikes provision of 28 USC § 1915(g). Dkt 1. His motion to proceed *in forma pauperis* is denied. Dkt 2.

Jones is an inmate of the Wynne Unit of the Texas Department of Criminal Justice—Correctional Institutions Division. He proceeds here *pro se*. He brings suit against eleven Texas prison officials at the Wynne Unit. He complains that they threatened him over the past two-and-one-half years. He also asserts that they tampered with his legal mail and conducted illegal cell searches. He seeks $2,000,000 in compensatory damages, while also asking that all of these Defendants be fired and sent to prison.

Jones hasn't paid any filing fee. A threshold issue is whether he can proceed *in forma pauperis*. A prisoner isn't allowed to do so if federal courts have dismissed three or more prior civil actions or appeals for frivolousness, maliciousness, or failure to state a claim upon which relief may be granted. This bar doesn't apply if the prisoner is in

imminent danger of serious physical injury. 28 USC § 1915(g).

A national prisoner index shows that Jones has filed at least eighty-nine petitions for a writ of *habeas corpus* and civil rights suits since April 2018. Three of Jones's civil rights lawsuits have previously been dismissed as frivolous. See *Jones v Wilson,* 4:18-CV-0890 (ND Tex) (dismissed as malicious in March 2019); *Jones v Gonzalez,* 4:18-CV-0343 (ND Tex) (dismissed for failure to state a claim in March 2019); and *Jones v Oliver*, 4:18-CV-0577 (ND Tex) (dismissed as frivolous in July 2018).

Nothing in his pleadings supports a finding that he faces "imminent danger of serious physical injury." 28 USC § 1915(g). He does assert that prison officials threatened to harm him. Dkt 1 at 4. But he doesn't assert that the imminent-danger exception applies, doesn't say when he was threatened, and doesn't allege the context in which such threats were made.

The three-strikes provision of 28 USC § 1915(g) thus bars his filing the complaint without payment of fees. Jones may still proceed in this action, but he must pay the requisite filing and other fees.

The complaint is DISMISSED WITHOUT PREJUDICE. Dkt 1. It will be reinstated if Jones pays the $402 filing fee within thirty days of the entry of this Order.

The motion to proceed *in forma pauperis* is DENIED. Dkt 2.

Any other motions are DENIED AS MOOT.

The Clerk of Court must SEND a copy of this Order to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

SO ORDERED.

Signed on ___January 12, 2023___, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge